Dore, J. P.
(dissenting). When the tenant at the landlord’s request moved from the third floor to the basement, the tenant had a written lease with the owner for a period of five years expiring September 30,1947. That lease was a five-year renewal of a previous five-year lease made September 30, 1937, between the tenant and the trustees, who were then owners of the building. The renewal was on the same terms as the original agreement with one immaterial change. On October 9, 1942, the trustees in a letter to defendant stated that they were 11 pleased to renew ” for an additional five years the agreement that terminated on September 30, 1947. The tenant rendered the same services to the hotel that he was giving at the time herein in question.
On the landlord’s own testimony with regard to the arrangement made in August, 1946, by which the tenant moved to the basement, “ the same terms and conditions ” of the written lease then exiting between the parties were to continue. The *218 landlord recognized and acted on the written lease when it gave its notice of August 1, 1947 stating that the lease between the parties expired September 30, 1947, and would not be renewed.
Assuming for the purposes of this appeal that the tenant’s alleged oral lease made in August, 1946, was void under the Statute of Frauds, the tenant, on the landlord’s own testimony, continued occupancy as lessee in the hotel under the written lease expiring’ September 30, 1947. Accordingly, under the emergency rent law, the tenant became a statutory tenant after termination of the lease and could not be dispossessed except on one of the grounds permitted in the statute. The only ground relied on by the landlord was the claim that it wished to operate the valet shop and service itself because the tenant’s service was unsatisfactory. That was the theory on which the case was tried and on which it was submitted to the jury. On that issue the landlord had the burden of proof. On such issue of good faith which was resolved in the tenant’s favor, the jury had the right to consider, and doubtless did, the evidence showing that the same tenant had rendered services in the hotel for a period of nearly ten years to the entire satisfaction of the trustees, the prior owners, who had for that reason renewed a five-year lease in the tenant’s favor.
Defendant was not a mere employee of the hotel but a tenant with all the rights that the emergency rent laws give to a tenant.
Accordingly, I dissent and vote to affirm the determination of the Appellate Term affirming the final order of the Municipal Court in the tenant’s favor dismissing the landlord’s petition.
Callahan, Van Voorhis and Shientag, JJ., concur with Cohn, J.; Dobe J., dissents and votes to affirm, in opinion.
Determination reversed, with costs to the landlord appellant and a final order directed to he entered in favor of the landlord appellant, with costs. Settle order on notice. [See post, p. 894.]